IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   No. 07-2049-CM |
| | ) |
| **M.G.P. INGREDIENTS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Richard Smith brings this action against defendant M.G.P. Ingredients, Inc. The case is before the court on defendant's Motion to Dismiss First Amended Complaint (Doc. 22). Defendant argues that plaintiff's amended complaint fails to state a claim upon which relief can be granted. Finding defendant's argument unpersuasive, the court denies the motion.

**I.   Background**

According to plaintiff's First Amended Complaint (Doc. 16), which was filed unopposed and pursuant to Federal Rule of Civil Procedure 15(a), plaintiff is an African-American employee of defendant. Under "Count 1," which is the only count in the complaint and identifies the cause of action as "employment discrimination based on race, retaliation for opposition to discrimination, and hostile work environment in violation of 42 U[.]S[.]C[. §] 1981," plaintiff states that from 1994 to mid-2005, he made internal complaints of discrimination and retaliation to defendant's management and human resources personnel. The complaint also states that as a result of racial discrimination and retaliation, defendant eliminated plaintiff's position, offered a pretextual explanation, and reassigned plaintiff's former job duties to non-minority employees. The complaint identifies several

damages that resulted from defendant's actions.

Defendant's present motion argues that facts alleged in plaintiff's original complaint require the dismissal of the amended complaint. Specifically, defendant cites that plaintiff's amended complaint omits that: (1) he was a member of a bargaining unit that was covered by a collective bargaining agreement between defendant and a previously-dismissed defendant, United Food & Commercial Workers Union (" the Union"); (2) that the bargaining agreement applied during times relevant to this case; (3) that under the agreement, the Union was the exclusive conduit for plaintiff to handle grievances and arbitration against defendant; (4) that the Union assisted in resolving plaintiff's 1994–2005 internal complaints; and (5) that the positions eliminated by defendant were bargaining unit positions. Defendant contends that these omitted facts are inextricable from plaintiff's case, and that they reclassify plaintiff's complaint as a "'hybrid' action" under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Because such claims have a six-month statute of limitations from when plaintiff knew or should have known of the Union's violations—defendant calculates this time period to be from "mid-June 2005" to "mid-January 2006"—and plaintiff filed the original complaint on January 27, 2007, plaintiff's claims are time-barred.

Plaintiff responds that the relevant judgment standard requires the court to only consider the facts as they appear in the amended complaint. Plaintiff then restates the allegations from the amended complaint that support his "straight-up § 1981 claim," which plaintiff cites as having a four-year statute of limitations. Plaintiff rejects defendant's characterization of the claim as one under the LMRA.

**II.    Judgment Standard**

-3-

Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  This court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face . . . or when an issue of law is dispositive."  *Meyer v. Christie*, No. 07-2230-JWL, 2007 WL 3120695, at *4 (D. Kan. Oct. 24, 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The court construes any reasonable inferences from these facts in favor of plaintiff.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

**II.     Analysis**

Defendant argues that because an issue of law is dispositive—that is, plaintiff's claims are time-barred—plaintiff's claim must be dismissed.  For this argument to succeed, defendant must show that plaintiff's claim should be considered under the statute of limitations for the LMRA.  Defendant attempts to provide this link by arguing that the facts alleged in the original complaint are necessary to the case and classify plaintiff's case as a LMRA claim—"Notwithstanding Plaintiff's attempts to avoid dismissal by failing to reveal the Union's role or Plaintiff's longstanding membership in the MGP bargaining unit exclusively represented by the Union, the facts remain unchanged[; P]laintiff's claims must still be considered under Section 301 of the LMRA and therefore dismissed as filed out of time."

Essential to this argument are the facts in the original complaint.  However, "[i]t is a well-

established general rule that an amended complaint, filed pursuant to Federal Rules of Civil Procedure Rule 15(a), supersedes the complaint it modifies and renders the prior complaint of no legal effect." *Fullerton v. Maynard*, No. 91-7002, 1991 WL 166400, at *1 (10th Cir. Aug. 29, 1991); *see also Heineman v. United States*, No. 06-4086-SAC, 2006 WL 3512949, at *2 (D. Kan. Nov. 16, 2006). Specific allegations in the original complaint are incorporated into the amended complaint only by direct and specific references by the amended complaint. *Fullerton*, 1991 WL 166400, at *1. Moreover, "[u]pon the proper filing of an amended complaint, the district court limits its examination to those claims included in the most recently amended complaint[; ]'the fact that a party was named in the original complaint is irrelevant. . . .'" *Heineman*, 2006 WL 3512949, at *2 (quoting *Hal Roach Studios Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)). Here, plaintiff filed the unopposed, amended complaint pursuant to Federal Rule of Civil Procedure 15(a). Defendant has not argued, nor does the court presently find, that the amended complaint specifically and directly references any allegation in the original complaint.

Without the facts and allegations in the original complaint, defendant's argument fails. The remainder of defendant's argument presupposes facts that appear only in the original complaint. Defendant has not provided the court with a clear argument for why the facts in the amended complaint require application of the LMRA statute of limitations. Whether the facts that appeared in the original complaint resurface through discovery is a matter for potential future motions.

**IT IS THEREFORE ORDERED** that defendant's "Motion to Dismiss First Amended Complaint" (Doc. 22) is denied.

Dated this 14th day of January 2008, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**

-5-